This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                          **No. A-1-CA-36846**

**CYNTHIA DE-AQUINOLOPEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Following a bench trial in the metropolitan court, Defendant Cynthia De-Aquinolopez was convicted of driving while under the influence of intoxicating liquor (DWI). In this Court's notice of proposed disposition, we proposed to adopt the district court's memorandum opinion affirming the conviction. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm Defendant's conviction.

{2}     On appeal to this Court, Defendant challenges the sufficiency of the evidence to support her DWI conviction. [DS 8] In this Court's notice of proposed disposition, we proposed to adopt the district court's thorough and well-reasoned memorandum opinion in response to Defendant's arguments. [CN 2; *see also* RP 62-66] In response, Defendant maintains that there was insufficient evidence to support her per se DWI conviction because the results were within the allowable range of error of 0.07 to 0.09, and therefore, the results were equally consistent with a true breath score below 0.08. [MIO 3-4] She argues that because the confidence interval was not reported in this case, "[i]t is not fair to find [her] guilty of a per se violation when we do not know the true probability that her breath score was at or above .08." [MIO 4] In support of this assertion, Defendant continues to rely on *State v. King*, 2012-NMCA-119, 291 P.3d 160. [MIO 4; *see also* DS 9; RP 50, 56-57] However, as discussed in the district court's opinion, while "[a] defendant may challenge the reliability of the breath test

result 'by expert testimony after breath test results have been admitted in evidence,' " Defendant did not present such testimony. [RP 65-66 (quoting *King*, 2012-NMCA-119, ¶ 13)].

**{3}** Notably, Defendant has not pointed out any errors in our notice of proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). As such, all of the arguments in Defendant's memorandum in opposition have been addressed by this Court in its notice of proposed disposition and/or by the district court's memorandum opinion this Court proposed to adopt, and we refer Defendant to the responses therein. [*See* RP 62-66]

**{4}** Accordingly, for the reasons set forth in our notice of proposed disposition and herein, and for the reasons articulated in the memorandum opinion of the district court, we affirm.

**{5}** **IT IS SO ORDERED.**

 

 
                                          **J. MILES HANISEE, Judge**

**WE CONCUR:**


_____

3

**LINDA M. VANZI, Chief Judge**

_____

**DANIEL J. GALLEGOS, Judge**